IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRABJOT SINGH DHILLON,

    Petitioner-Plaintiff,

vs.

MARKWAYNE MULLIN, Secretary
of the United States Department of
Homeland Security, et al.,

    Respondent-
    Defendants.

8:26-CV-229

MEMORANDUM AND ORDER
GRANTING WRIT OF HABEAS
CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He asserts his detention is unlawful because the government revoked his conditional parole without regard for his due process rights. The Court will grant the petition. To the extent the petition raises claims for damages or other relief for violations of his civil rights that may arise under 18 U.S.C. § 1983, those claims are dismissed without prejudice.

## I. BACKGROUND

The petitioner is a citizen of India who currently lives in South Dakota with his partner and their six-month-old son. The petitioner entered the United States near Calexico, California, in September 2022. Filing 36 at 4. He was briefly detained and paroled pursuant to 8 U.S.C. § 1182(d)(5)(A), *see* filing 1-3 at 8, known as "humanitarian parole." *E.g., Chourio Herrera v. Bondi*, No. 0:26-cv-1895, 2026 WL 827571, at *1 (D. Minn. Mar. 25, 2026).

The petitioner was released with certain conditions, documented in an Order of Release on Recognizance that was issued "in accordance with" § 1226. Filing 1-3 at 3. The petitioner asserts, and the government does not refute, that he has not violated any terms of his release on recognizance. His humanitarian parole expired in November 2022.

In February 2026, the petitioner, working as a commercial truck driver, pulled into a weigh station in Mitchellville, Iowa. Filing 1 at 15. The truck the petitioner was driving had an expired license plate. Filing 1 at 15; filing 36 at 5. The petitioner presented his commercial driver's license to an Iowa state trooper, which indicated the petitioner did not have a permanent home state. *See* filing 36 at 6.

"Operation ICE Wall" is a federal initiative targeting noncitizens operating commercial vehicles in the United States. Filing 36 at 4-5. Through that program, ICE trains and deputizes state law enforcement officers to identify noncitizens who may be subject to removal. *See* filing 36 at 5. As part of this initiative, the Iowa state trooper called ICE, knowing that the petitioner's driver's license indicated he was not a citizen.

ICE arrived at the weigh station about an hour later. The petitioner was served with a Notice to Appear and an administrative arrest warrant, and detained at the Polk County detention center. Filing 36 at 6. The petitioner filed a petition for a writ of habeas corpus in the District Court for the Southern District of Iowa, signed on February 25, 2026, but not filed until March 9, 2026. *See* Petition for Writ of Habeas Corpus, *Dhillon v. Noem*, no. 7:26-cv-5006 (D. Neb. Mar. 9, 2026) ("*Dhillon I*"), Dkt. No. 1.

The petitioner was transferred to the McCook Detention Center, on March 5, 2026. The Southern District of Iowa transferred his petition to this Court, and it was assigned to the undersigned on March 13. The petition made

no reference to the petitioner's parole, and the plaintiff only claimed he was entitled to a bond hearing under § 1226(a). *See id.* He filed an amended petition, *id.* at Dkt. No. 18, similarly limiting his request for relief to a bond hearing under § 1226.

In its response, the government provided the Notice to Appear and the Warrant for Arrest issued on February 17, 2026. It also provided the petitioner's humanitarian parole paperwork. *Id.* at Dkt. No. 16 (Mar. 16, 2026). The government did not provide the paperwork related to the petitioner's order of release on recognizance, nor did it address that order in its response.

The Court granted the relief requested—namely, it conditionally granted the writ and ordered the government to provide a bond hearing pursuant to § 1226 and the corresponding regulations. *Id.* at Dkt. No. 19 (Mar. 20, 2026). A bond hearing was held, and the immigration judge determined the petitioner was a flight risk. The petitioner was not released on bond. *Id.* at Dkt. No. 21 (Mar. 27, 2026).

The petitioner filed a duplicative habeas petition in Nebraska while *Dhillon I* was pending, further requesting a bond hearing. The Court dismissed the duplicative petition as moot. The petitioner filed a third petition on March 31, 2026. Petition for Writ of Habeas Corpus, *Dhillon v. Blanche*, no. 8:26-cv-141 (D. Neb. Mar. 31, 2025) ("*Dhillon II*"). The only relief requested in that petition, like the others before it, was a bond hearing pursuant to § 1226. The Court denied the motion because the petitioner had already been provided a bond hearing, and the petition raised no other grounds warranting immediate release or other relief. Memorandum and Order, *Dhillon II* (D. Neb. Apr. 3, 2026).

Now with the benefit of counsel, the petitioner has filed his fourth petition. For the first time, he asserts he is entitled to immediate release

because the government did not revoke his conditional parole before he was arrested and detained. The government asserts his parole had expired, and the petitioner has received all the process to which he was due.

## II. DISCUSSION

### *Abuse of the Writ*

The government first asserts the Court should not reach the merits of the petitioner's successive petition under the "abuse of the writ" doctrine. The abuse-of-writ doctrine is founded on the equitable nature of habeas corpus. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion), *superseded by statute*, § 2244; *see also United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Under 28 U.S.C. § 2244, successive habeas petitions from petitioners subject to criminal custody are generally barred, except in rare circumstances. *See, e.g., Boumediene v. Bush*, 553 U.S. 723, 774 (2008).

The petitioner was not detained following any criminal proceeding, so § 2244 does not strictly apply. But as largely a codification of the abuse-of-writ doctrine, *see, e.g.*, *Felker v. Turpin*, 518 U.S. 651, 664 (1996)*,* § 2244 provides helpful guidelines. *See Zayas v. I.N.S.*, 311 F.3d 247, 257 (3d Cir. 2002). As relevant, claims presented in a successive habeas petition should be dismissed unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." § 2244(b)(2)(B).

The petitioner, now with the benefit of counsel, raises a wholly new factual argument that the Court was unable to address because the government did not provide all of the documents associated with the petitioner's parole. The government merely contended the petitioner's

humanitarian parole had expired, but did not address, nor provide any evidence of, the petitioner's order of release on recognizance.

Given the complex and ever-changing nature of immigration law, and the various types of regulatory and statutory paroles and detention schemes, the Court is satisfied that the petitioner, acting *pro se*, could not have discovered the factual predicate for the claim presented in the current petition, even exercising due diligence. Further, given the "equitable principles" informing both the writ and the doctrine of its abuse, the Court, in its discretion, will evaluate the merits of the pending successive petition. *See McCleskey*, 499 U.S. at 490.

*Order of Release on Recognizance*

The petitioner, when he was first encountered by the government in 2022, was released pursuant to an Order of Release on Recognizance. Filing 1-3 at 3. A number of district judges, including the undersigned, have held that redetention of a person previously released, without formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release, violates due process. *E.g., Salazar v. Noem,* No. 0:26-cv-1040, 2026 WL 381889, at *1 (D. Minn. Feb. 11, 2026) (collecting cases); *Sandhu v. Mullin,* No. 7:26-cv-5009, 2026 WL 1146643, at *4 (D. Neb. Apr. 28, 2026).

The government asserts that the humanitarian parole expired. The government does not address how that humanitarian parole was connected to the order of release on recognizance. The order specifically states it was issued "in accordance with" § 1226, filing 1-3 at 3, so the petitioner is entitled to the numerous procedural protections that govern revocation. *See, e.g., Barco Mercado v. Francis,* 811 F. Supp. 3d 487, 503 (S.D.N.Y. 2025).

The administrative warrant does not justify revoking the petitioner's prior release on recognizance. While the petitioner was afforded a bond hearing, the postdeprivation process did not cure the detention that was unlawful to begin with. Nothing in this Order invalidates the immigration judge's denial of bond, nor the pending removal proceedings against the petitioner. But the government's custody of a person without regard for its own regulations is an unlawful detention indeed.

For the reasons explained above, the Court was unable to consider the petitioner's parole, or the import of that parole on his detention. Now with the complete administrative record, the Court is persuaded that outright release is the appropriate remedy. To detain the petitioner, the government must strictly follow the procedures outlined in the relevant regulations.

Accordingly,

IT IS ORDERED:

1.    The Petition for Writ of Habeas Corpus (filing 1) is granted.

2.    The government shall immediately return the petitioner to Sioux Falls, South Dakota, or provide him with the means to do so.

3.    When the petitioner is in South Dakota, the government shall immediately release the petitioner from custody with no new conditions, and shall return any personal property seized from the petitioner when detained.

4.    No later than **June 5, 2026**, the government shall file a

6

status report certifying compliance with this Order.

Dated this 3rd day of June, 2026.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge

7