IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRABJOT SINGH DHILLON,<br><br>Petitioner-Plaintiff,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, et al.,<br><br>Respondent-Defendants. | 8:26-CV-229<br><br>ORDER |

A writ of habeas corpus has been granted in this case, and judgment has been entered. When the petition was filed, the petitioner was in the custody of United States Immigration and Customs Enforcement, in McCook, Nebraska, after being briefly detained by the Iowa State Patrol. *See* filing 1 at 11. The petitioner named as respondents various federal officials, his immediate custodian, and two Iowa officials—Stephen Bayens, Commissioner of the Iowa Department of Public Safety, and Jane Doe, an Iowa law enforcement officer (the Iowa parties). *See* filing 1 at 1. This matter comes before the Court on the Iowa parties' motions to reconsider the judgment in their favor, and to dismiss the claims that were already dismissed. Filing 43; filing 46.[1]

The writ of habeas corpus is intended to afford "a swift and imperative remedy in all cases of illegal restraint or confinement." *Jones v. Shell*, 572 F.2d 1278, 1280 n.2 (8th Cir. 1978) (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)).

[1] The Court notes that the Iowa parties failed to file their motions and briefs separately. *See* filing 43; filing 46. That was either contrary to this Court's rules, *see* NECivR 7.1(a)(1)(A), or a concession that their motions raise no substantial issues of law, *see* NECivR 7.1(a)(2)(B).

The writ "is reduced to a sham if the trial courts do not act within a reasonable time." *Id.* "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000).

The Iowa parties were served only after the federal respondents answered the Court's order to show cause. *See* filing 34; filing 37. The Iowa parties' counsel entered his appearance two days before the Court entered judgment granting the petition and dismissing other claims. *See* filing 40; filing 42. Once it was clear that the petitioner was being unlawfully detained, the Court acted quickly to effect his release, before the Iowa parties could respond to the petition. It was unclear whether the petitioner raised claims under other federal statutes, such as 42 U.S.C. § 1983, *see* filing 1 at 5, but, to the extent he did, against the Iowa respondents or otherwise, the Court dismissed those claims without prejudice. Filing 41 at 1.

From the Court's reading of the petition, the only remedy sought was the petitioner's immediate release from custody pursuant to 28 U.S.C. § 2241. Filing 1 at 57-58; filing 1 at 37 n.2. The invocation of § 1983 appeared to be a means of demonstrating that the alleged violations of his constitutional rights justified his immediate release. A habeas petitioner need only name the petitioner's immediate custodian, *see* § 2242, but it's logical, if not strictly necessary, that the petitioner added the Iowa parties, as their alleged actions that led to the wrongful detention may have been relevant to the ultimate disposition of the petition.

The only affirmative relief now sought by the Iowa parties that they haven't already been given is for the Court to "clarify" that the claims against them were dismissed with prejudice. Filing 43 at 31. But there was nothing

unclear about the Court's disposition of the petitioner's claims. When the Court ordered the petitioner's immediate release, the controversy ended, the Court entered judgment, and this case was closed. Any remaining claims (to the extent they existed at all) were dismissed without prejudice.

It is less clear why the Iowa parties felt the need to burden the Court, and the taxpayers of Iowa, with motions asking for things the Court already granted. It's also unclear why the Iowa parties filed two separate motions asking for essentially the same things, for the same reasons. *See* filing 43; filing 46. But it's not the Court's job to clarify any of that confusion. Accordingly,

IT IS ORDERED:

1. The Iowa parties' motion to reconsider (filing 43) is denied.

2. The Iowa parties' motion to dismiss (filing 46) is denied.

Dated this 23rd day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge